```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION


JOSE NELSON SANTOS,

                  Petitioner,

vs.                                 Case No.  2:06-cv-40-FtM-29DNF
                                    Case No.  2:96-cr-3-FTM-29DNF

UNITED STATES OF AMERICA,

                  Respondent.
_____
```

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion to Preserve New "Recognized Right Pursuant to U.S. Booker, 543 U.S. 220 (2005) or Alternatively a Motion to Vacate or Set-Aside Conviction or Sentence Pursuant to 28 U.S.C. § 2255 ¶ 6(3) (Doc. #121), filed on January 17, 2006.  For the reasons set forth below, both motions are denied.

**I.**

Defendant (or petitioner) pled guilty pursuant to a Plea Agreement (Doc. #54) on March 1, 1996.  Defendant was sentenced to life imprisonment, 60 months supervised release, and a $50.00 special assessment.  Judgment (Doc. #79) was entered on November 12, 1996, and defendant filed a Notice of Appeal (Doc. #82) on November 8, 1996.  On March 24, 1998, the Eleventh Circuit Court of Appeals issued a mandate dismissing the appeal.

On June 27, 2001, the Court denied petitioner's Motion of Correction (Sentencing) Under 3742 Concerning Statutory Maximum Pro-Se in Forma Pauperis (Doc. #105) finding no jurisdictional basis. Reconsideration was denied. (See Doc. #108). Petitioner filed a Notice of Appeal (Doc. #109), which was dismissed for want of prosecution.

On August 16, 2002, the Court entered an Order (Doc. #117) dismissing petitioner's Motion to Compel Compliance with Performance of Plea Agreement by the Government (Doc. #113), or in the alternative, denying it for lack of merit. Petitioner's Motion to Request Review of Jurisdictional Sentencing Error (Doc. #114) was also dismissed and denied in the alternative. Defendant-petitioner did not seek any further relief.

**II.**

Petitioner seeks to "preserve" an argument under United States v. Booker, 543 U.S. 220 (2005), on the ground that it may one day be held to apply retroactively. The Eleventh Circuit has held "that Booker's constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review." Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.), cert. denied, 126 S. Ct. 312 (2005)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriguez, 406 F.3d 1261,

1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that <u>Booker</u> is retroactively applicable to collateral proceedings, . . . [and], it is highly unlikely that any will."). There is no legal basis to allow petitioner to "preserve" an issue simply because he hopes it may one day be found to be applicable to him.

### III.

If construed in the alternative as a petition for relief under § 2255, petitioner has not complied with the one-year period of limitations set forth in §2255. Federal prisoners whose convictions became final after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), have one year from the latest of any of four events to file a § 2255 Motion: (1) the date on which the conviction became final; (2) the date on which any government-imposed impediment to making the motion is removed; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. §2255; <u>see also</u> <u>Pruitt v. United States</u>, 274 F.3d 1315, 1317 (11th Cir. 2001). While petitioner relies on the third prong, it is clear that the Supreme Court has not recognized any new right which has been held to apply retroactively to a defendant whose conviction became final prior to the decision, as discussed above.

None of the other potential grounds apply, and petitioner has not established any basis to find that the limitations period was equitably tolled.  Because petitioner did not file his motion within one year of any of the four events set forth in §2255, and has not shown any equitable reason to toll the limitations period, his motion is untimely and is therefore time-barred.

**IV.**

Because petitioner is proceeding pro se, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant. United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991).  The Court has no inherent power to correct an illegal sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no basis for authority to reduce or vacate the sentence in this case and no procedural mechanism to preserve an argument before it is recognized by the Supreme Court as retroactive. See Avila v. United States, Case No. 2:05-cv-266-FTM-29DNF, 2005 WL 3467670, *3-5 (M.D. Fla. Dec. 19, 2005).[1]

Accordingly, it is hereby

---

[1]Slip Copy attached.

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion to Preserve New "Recognized Right Pursuant to U.S. Booker, 543 U.S. 220 (2005) (Doc. #121) is **DENIED**.

2. Alternatively a Motion to Vacate or Set-Aside Conviction or Sentence Pursuant to 28 U.S.C. § 2255 ¶ 6(3) (Doc. #121) is **DISMISSED**.

3. The Clerk shall enter judgment dismissing the § 2255 in the civil case, Case No. 2:06-cv-40-FTM-29DNF, and close the civil file.

**DONE AND ORDERED** at Fort Myers, Florida, this __1st__ day of February, 2006.

                                                    _____
                                                    JOHN E. STEELE
                                                    United States District Judge

Copies:
Parties of Record